**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Medina-Moreno,　　　　　　　　) | No. CV 05-1861-PHX-JAT (ECV) |
| 　　　　　Plaintiff,　　　　　　　　　) | **ORDER TO SHOW CAUSE** |
| vs.　　　　　　　　　　　　　　　　　) | |
| Joseph Arpaio,　　　　　　　　　　　) | |
| 　　　　　Defendant.　　　　　　　　) | |

　　　　This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly confined in the Durango Jail in Phoenix, Arizona. Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $250.00 civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). According to the Maricopa County's automated jail information line, Plaintiff was released on October 3, 2005. Because Plaintiff has been released from jail, the $250.00 filing fee can no longer be

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

1 collected from his inmate trust account. Accordingly, the $250.00 civil action filing fee is
2 now due in full unless Plaintiff can show good cause why he should not be required to pay
3 it immediately.

4      Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee
5 or respond to this Order in writing. Plaintiff's written response must include: (1) a statement
6 of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will pay the
7 unpaid balance of the filing fee in full no later than 120 days from the date of his release <u>or</u>
8 Plaintiff's affidavit under penalty of perjury demonstrating good cause why he is presently
9 unable to pay the outstanding balance of the filing fee. <u>See</u> 28 U.S.C. § 1746 (the oath
10 requirement may be satisfied when a person declares under penalty of perjury that the
11 submission is true and correct, and signs and dates the statement). If Plaintiff chooses to
12 demonstrate good cause, he must describe his current financial condition in detail, including
13 his sources of income, whether he is employed, and any liabilities he may have.

14      Plaintiff should take notice that if he fails to timely comply with every provision of
15 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
16 41(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th
17 Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert</u>.
18 <u>denied</u>, 506 U.S. 915 (1992).

19 **IT IS THEREFORE ORDERED that:**

20     (1) Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay
21 the $250.00 filing fee in full or to respond as described in this Order.

22     .
23     . . .
24     . . .
25     . . .
26     . . .
27     . . .
28

JDDL

- 2 -

(2) The Clerk of Court is directed to enter a judgment of dismissal of this action without prejudice and without further notice if Plaintiff fails to comply

DATED this 4th day of November, 2005.

_____
James A. Teilborg
United States District Judge

- 3 -